## Abner Perkins *v.* Samuel Smith et al.

Coroner's Deed—Evidence of Title—Authority to Execute—Peremptory Instructions.

Where neither the judgment, nor execution under which a coroner's deed perports to have been made, even offered in evidence, which was necessary to render the deed competent, a peremptory instruction is proper.

APPEAL FROM RUSSELL CIRCUIT COURT.

September 19, 1867.

Opinion of the Court by Judge Hardin :

The coroner's deed offered in evidence by the plaintiff having been rejected, and, thus consequently being no evidence of title in the plaintiff before the jury, the peremptory instruction of the court to find for the defendants was manifestly right  But the main question to be determined is, whether or not the court erred in refusing to permit said deed to be read.  Neither the judgments, nor executions under which the coroner's deed purports to have been made, were made, or offered to be made in evidence.  It was clearly necessary to do so to render the deed competent evidence of

title. This principle has been repeatedly and authoritatively recognized by this court. Smith v. Moreman, 1 Monroe, 154. Stephens, etc., vs. Robertson, etc., 3 Monroe, 99, and Riggs vs. Dooly, etc., 7 B. Monroe 238.

It is deemed unnecessary here to enquire to what extent or under what circumstances a coroner is clothed with the authority, of a sheriff to sell and convey lands under execution, as the deed, had it been made by a sheriff should not have been made without the production also of the judgment, execution and return of sale which could alone have authorized the conveyance.

The judgment is *affirmed*.

*Vanwinkle & Hays, for appellants.*

*Alexander, for appellee.*